PER CURIAM:
Claimant, formerly a West Virginia corporation in Ohio County, brought this action to recover a financial loss it incurred when respondent failed to indicate a lienholder on a certificate of title for a motor vehicle. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
In the ordinary course of business at respondent’s Charleston office, two forms must be received together in order to process a certificate of title for a motor vehicle. The two forms are a Division of Motor Vehicles Reassignment Supplement, form TM-5, and an application for a certificate of title for a motor vehicle.[1] After receiving the forms, respondent’s employees review and process both forms. To continue the processing of the forms, the forms must contain the identical information. If one of the forms is different from the other, respondent’s employees must seek clarification from the individuals tendering the forms. If clarification is not made, the processing of the certificate of title for the motor vehicle must stop and desist. Once both forms contain *48 the identical information, a certifícate of title can be issued for a motor vehicle.
On May 14, 1996, a customer of claimant bought a 1994 Ford Taurus, VIN # 1FALP52U5RA109248. The title paperwork was completed and sent by respondent on June 10,1996. The necessary forms were sent to respondent’s Charleston office. Prior to this date, claimant had been in contact with respondent regarding the title process and had thereafter followed respondent’s instructions. However, only the Division of Motor Vehicles Reassignment Supplement, WV417229, contained the lienholder information. When the certifícate of title paperwork was processed and the certificate of title was issued, the lienholder information was not placed on the certificate of title. Subsequently, on October 6,1998, Household Automotive Financing Corporation, who bought out OFL-A Receivables Corporation, attempted to repossess the vehicle only to discover that the customer had already traded the vehicle on a previous date. As a result of not being able to take possession of the vehicle because the lienholder was not indicated on the title, Household Automotive Financing Corporation required claimant to repurchase the vehicle loan through proceeds from another transaction. The resulting financial loss to claimant was in the amount of $9,013.17.
In this claim, respondent clearly failed to follow the proper procedure for processing and issuing the certificate of title for the motor vehicle. The failure of respondent’s employees to reasonably follow established rules and regulations for the processing and issuance of a certificate of title for a motor vehicle constitutes negligence for which claimant may recover. Thus, the Court finds that the respondent was negligent in its failure to indicate the lienholder information on the certificate of title for the motor vehicle.
In view of the foregoing, the Court is of the opinion and does make an award to the claimant in the amount of $9,013.17.
Award of $9,013.17.

 The Division of Motor Vehicles Reassignment Supplement is a form used when there is a sale between dealers. When the sale is retail, an application for a certificate of title for a motor vehicle is necessary.